UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS GRIFFIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> G & S ACQUISITION, INC., ) <br> d/b/a GILCHRIST & SOAMES, LLC, ) <br> ) <br> Defendant. ) | CAUSE NO: <br><br> 1:04-cv-1556-JDT-TAB |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Thomas Griffin, ("Griffin"), by counsel, for his cause of action against G & S Acquisition, Inc., d/b/a Gilchrist & Soames, LLC ("Defendant"), alleges and states as follows:

### PARTIES

1. Griffin is an African-American male who has resided within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

2. Defendant, G & S Acquisition, Inc., d/b/a Gilchrist & Soames, LLC, is a corporation doing business within this Southern District of Indiana.

### JURISDICTION AND VENUE

3. This action is brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., and as amended in 1991, 42 U.S.C. §1981a, and the Age Discrimination in Employment Act

1

("ADEA"), as amended, 29 U.S.C. § 621 et. seq. alleging discrimination in employment based on race and age.

4. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C. § 630(b).

5. Griffin, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. § 630(f).

6. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 626.

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed Charge No. 240-2004-03745 with the Equal Employment Opportunity Commission alleging discrimination based on race and age, respectively. Plaintiff received his appropriate Notice of Right to Sue and files this Complaint in a timely manner.

8. All facts, events, and transactions giving rise to this lawsuit having occurred in the environs of the Southern District of Indiana. Thus, venue is proper in this court.

## FACTUAL ALLEGATIONS

9. Griffin, an African-American male (D.O.B. 6/13/51), was hired by Defendant on or about August 11, 2003 as a Warehouse Manager.

10. The employment relationship between Griffin and Defendant was contractual in nature.

11. At all times relevant, Griffin met or exceeded Defendant's legitimate expectations of performance.

12. Throughout his employment with Defendant, Griffin repeatedly requested managerial

2

support and/or additional supervisory assistance in order to operate his department effectively. Despite Griffin's requests, Defendant refused to provide such support or assistance to Griffin. Similarly-situated, substantially younger and/or Caucasian employees were provided needed support and assistance.

13. During his employment, Defendant purposely blamed Griffin for a mistake made by a Caucasian manager. Moreover, Griffin was the only African-American Manager employed by Defendant.

14. On or about January 19, 2004, Defendant terminated Griffin. Defendant's stated reason for terminated Griffin was sub-standard performance. Defendant's reason for terminating Griffin is pretextual, as Griffin did not maintain sub-standard performance. In addition, similarly-situated, substantially younger and/or Caucasian employees with sub-standard performance were not terminated.

15. Defendant replaced Griffin with a substantially younger, less experienced Caucasian employee.

16. Griffin has suffered injury and has been harmed by Defendant's unlawful conduct.

## COUNT I

### RACE DISCRIMINATION

17. Griffin hereby incorporates by reference paragraphs one (1) through sixteen (16) of his Complaint.

18. Griffin was selected for termination because of his race in that similarly-situated, Caucasian individuals were not similarly discharged.

19. Defendant's termination of Griffin was in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Defendant's actions were willful, intentional, and done with reckless disregard of Griffin's rights. Griffin has been damaged by Defendant's unlawful actions.

## COUNT II

## AGE DISCRIMINATION

20. Griffin hereby incorporates by reference paragraphs one (1) through nineteen (19) of his Complaint.

21. Griffin was selected for termination because of his age, in that similarly-situated, substantially younger employees were not terminated.

22. Defendant's termination of Griffin was in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621 et. seq. Defendant's actions were willful, intentional, and done with reckless disregard of Griffin's rights. Griffin has been damaged by Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Griffin respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstatement to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or front pay in lieu of reinstatement;

2. All lost wages and benefits;

3. Compensatory damages;

4. Punitive damages;

5. Liquidated damages;

6. Payment of his reasonable attorney fees and costs;

7. Pre-judgment and post-judgment interest; and,

8. All other just and proper relief.

Respectfully submitted,

_____
John H. Haskin (7576-49)

_____
Mickey J. Lee (22446-49)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, Indiana 46204
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Thomas Griffin, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

_____
John H. Haskin (7576-49)
Mickey J. Lee (22446-49)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, IN 46204
(317) 955-9500

Attorneys for Plaintiff