# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS, DIVISION

| | |
|---|---|
| THOMAS GRIFFIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-cv-1556-JDT-TAB |
| ) | |
| G & S ACQUISITION, INC., ) | |
| d/b/a GILCHRIST & SOAMES, LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant, G & S Acquisition, LLC d/b/a Gilchrist & Soames, Ltd., incorrectly sued as "G&S Acquisition, Inc., d/b/a Gilchrist & Soames, LLC" ("G&S"), answers Plaintiff's Complaint as follows:

### Admissions And Denials

1. Griffin is an African-American male who has resided within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

    **ANSWER:** G&S admits that Plaintiff is an African-American male. G&S is without sufficient information to admit or deny the remaining averment of Paragraph 1.

2. Defendant, G & S Acquisition, Inc., d/b/a Gilchrist & Soames, LLC, is a corporation doing business within this Southern District of Indiana.

    **ANSWER:** G&S denies the averment of Paragraph 2, and further states that its correct legal name is G & S Acquisition, LLC d/b/a Gilchrist & Soames, Ltd.

3. This action is brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., and as amended in 1991, 42 U.S.C. §1981a, and the Age Discrimination in Employment

Act ("ADEA"), as amended, 29 U.S.C. § 621 et., seq, alleging discrimination in employment based on race and age.

**ANSWER:** G&S admits Plaintiff brings the listed claims. G&S denies any violation of law and denies any remaining averment of Paragraph 3.

4. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C. § 630(b).

**ANSWER:** G&S admits the averments of Paragraph 4.

5. Griffin, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. § 630(f).

**ANSWER:** G&S admits the averments of Paragraph 5.

6. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 626.

**ANSWER:** G&S admits the averments of Paragraph 6.

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed Charge No. 240-2004-03745 with the Equal Employment Opportunity Commission alleging discrimination based on race and age, respectively. Plaintiff received his appropriate Notice of Right to Sue and files this Complaint in a timely manner.

**ANSWER:** G&S admits that Plaintiff filed Charge No. 240-2004-03745 against it with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2004, alleging race and age discrimination, that the made a no-cause finding and issued a Dismissal and Notice of Rights on June 24, 2004, and that Plaintiff filed this lawsuit on September 22, 2004. G&S is without information sufficient to admit or deny the remaining averments of Paragraph 7.

8. All facts, events, and transactions giving rise to this lawsuit having occurred in the environs of the Southern District of Indiana. Thus, venue is proper in this court.

**ANSWER:** G&S admits that venue is proper in this Court. G&S is without information sufficient to admit or deny the remaining averments of Paragraph 8.

9. Griffin, an African-American male (D.O.B. 6/13/51), was hired by Defendant on or about August 11, 2003 as a Warehouse Manager.

**ANSWER:** G&S admits the averments of Paragraph 9.

10. The employment relationship between Griffin and Defendant was contractual in nature.

**ANSWER:** G&S admits that it had an at-will employment agreement with Plaintiff. G&S denies any remaining averment of Paragraph 10.

11. At all times relevant, Griffin met or exceeded Defendant's legitimate expectations of performance.

**ANSWER:** G&S denies the averment of Paragraph 11.

12. Throughout his employment with Defendant, Griffin repeatedly requested managerial support and/or additional supervisory assistance in order to operate his department effectively. Despite Griffin's requests, Defendant refused to provide such support or assistance to Griffin. Similarly-situated, substantially younger and/or Caucasian employees were provided needed support and assistance.

**ANSWER:** G&S denies the averment of Paragraph 12.

13. During his employment, Defendant purposely blamed Griffin for a mistake made by a Caucasian manager. Moreover, Griffin was the only African-American Manager employed by Defendant.

**ANSWER:** G&S denies the averment of the first sentence of Paragraph 13. G&S admits that during Plaintiff's employment he was the only African-American salaried manager it employed. G&S denies any remaining averment of Paragraph 13.

14. On or about January 19, 2004, Defendant terminated Griffin. Defendant's stated reason for terminated [sic] Griffin was sub-standard performance. Defendant's reason for terminating Griffin is pretextual, as Griffin did not maintain sub-standard performance. In addition, similarly-situated, substantially younger and/or Caucasian employees with sub-standard performance were not terminated.

**ANSWER:** G&S admits the averment of the first sentence of Paragraph 14. G&S admits that Plaintiff's poor job performance was one of the reasons for Plaintiff's employment termination, which was explained to him. G&S denies the remaining averments of Paragraph 14.

15. Defendant replaced Griffin with a substantially younger, less experienced Caucasian employee.

**ANSWER:** G&S admits that it replaced Plaintiff with a Caucasian employee who was substantially younger than Plaintiff. G&S denies the remaining averment of Paragraph 15.

16. Griffin has suffered injury and has been harmed by Defendant's unlawful conduct.

**ANSWER:** G&S denies the averment of Paragraph 16.

17. Griffin hereby incorporates by reference paragraphs one (1) through sixteen (16) of his Complaint.

**ANSWER:** G&S incorporates by reference its responses to Paragraphs 1 through 16.

18. Griffin was selected for termination because of his race in that similarly-situated, Caucasian individuals were not similarly discharged.

**ANSWER:** G&S denies the averment of Paragraph 18.

19. Defendant's termination of Griffin was in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. Defendant's actions were willful, intentional, and done with reckless disregard of Griffin's rights. Griffin has been damaged by Defendant's unlawful actions.

**ANSWER:** G&S denies the averment of Paragraph 19.

20. Griffin hereby incorporates by reference paragraphs one (1) through nineteen (19) of his Complaint.

**ANSWER:** G&S incorporates by reference its responses to Paragraphs 1 through 19.

21. Griffin was selected for termination because of his age, in that similarly-situated, substantially younger employees were not terminated.

**ANSWER:** G&S denies the averment of Paragraph 21.

22. Defendant's termination of Griffin was in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621 et. seq. Defendant's actions were willful, intentional, and done with reckless disregard of Griffin's rights. Griffin has been damaged by Defendant's unlawful actions.

**ANSWER:** G&S denies the averment of Paragraph 22.

## Additional Defenses

1. G&S did not discriminate against Plaintiff, and all actions taken with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

INIMAN2 882705v1

2. G&S acted in good faith with respect to Plaintiff and with a reasonable belief that its actions did not violate any law.

3. To the extent Plaintiff has failed to mitigate damages, he is not entitled to damages.

4. Plaintiff's alleged damages are subject to offset by any income received by Plaintiff since January 19, 2004.

Respectfully submitted,

BAKER & DANIELS

s/Edward E. Hollis
Edward E. Hollis (#19402-49)
BAKER & DANIELS
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Phone: (317) 237-0300
Fax: (317) 237-1000
E-mail: Edward.Hollis@bakerd.com

Attorneys for Defendant

INIMAN2 882705v1

## CERTIFICATE OF SERVICE

       I hereby certify that on November 10, 2004, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       John H. Haskin
       Mickey J. Lee
       HASKIN LAUTER & LaRUE
       255 North Alabama Street
       Indianapolis, IN 46204

       s/Edward E. Hollis
       Edward E. Hollis
       BAKER & DANIELS
       300 North Meridian Street, Suite 2700
       Indianapolis, Indiana 46204
       Phone: (317) 237-0300
       Fax: (317) 237-1000
       E-mail: Edward.Hollis@bakerd.com